## THIRD DEPARTMENT, JANUARY, 1925.

HARRIS PAUL, Appellant, *v.* FREDERICK J. BIEHLER, Respondent.

Reargument of an appeal from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the Albany county clerk's office February 4, 1924, upon the verdict of a jury, and also from an order bearing date the 3d day of December, 1923, entered in August, 1924, denying plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

The judgment and order having been affirmed (211 App. Div. 826) plaintiff moved for a reargument or for leave to appeal to the Court of Appeals.

PER CURIAM: We did not overlook the objections of the plaintiff to certain testimony. But the plaintiff explained his meaning of incompetency. He clearly stated his position to be that the conversation when the note was delivered was not binding on him because he was not present and Pevzner was not his agent. The only question litigated was as to the agency of Pevzner. The statements of counsel, his attitude at the trial, the course of the trial, the charge of the court without exception, all indicate that the county judge was led to consider that such was the only question. We think the point now argued is an afterthought and that the theory of the appeal was not the theory of the trial. The jury found on the testimony of an apparently disinterested witness that after the delivery of the note the ring was in the possession of the plaintiff. If that be a fact, plaintiff must account therefor to defendant either in this or some other action. Under the circumstances, therefore, the position of the plaintiff seems somewhat technical and unmeritorious. On all the facts as found by the jury a just result seems to have been reached and one which renders unnecessary another action by the defendant to recover the ring or its value. We deny the motion, therefore, *first*, because the attention of the trial court was by the plaintiff diverted from the point for the first time raised on this appeal, and, *second*, because the result of the trial represents substantial justice between the parties. Motion denied, with ten dollars costs.